IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALFREDO I. ARROYO, | ) |
| | ) |
| Petitioner, | )   4:06CV3250 |
| | ) |
| vs. | )   ORDER on INITIAL REVIEW |
| | ) |
| ROBERT HOUSTON, et al., | ) |
| | ) |
| Respondents. | ) |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 petition") filed by the petitioner, Alfredo I. Arroyo. The petitioner states that he is a lawful resident alien, presently in the custody of the Nebraska Department of Correctional Services ("DCS") after conviction of sexual assault of a child.

The petitioner is subject to a removal order imposed by the United States Bureau of Immigration and Customs Enforcement ("BICE").[1] He has tried to contest the order of removal, but he does not speak English well, has no money, and has little access to the law library or a legal aide at his DCS institution. The petitioner asks the court to appoint counsel and to vacate the order of removal as obtained in violation of his right to due process.

---

[1] As a result of the Homeland Security Act of 2002, Pub.L. No. 107-296, 116 Stat. 2135 (2002), the Immigration and Naturalization Service ("INS") has ceased to exist as an agency within the United States Department of Justice. Its enforcement functions now reside in the Bureau of Immigration and Customs Enforcement ("BICE") within the Department of Homeland Security. Jordan v. Attorney General of the United States, 424 F.3d 320, 324 n. 3 (3d Cir. 2005).

1

A recently enacted statute entitled the "REAL ID Act" has changed the manner in which a challenge to an order of removal may be prosecuted. See Rosales v. BICE, 426 F.3d 733, 735-36 (5th Cir. 2005): "[T]he REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) ... amends the jurisdictional provisions of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial review of administrative orders of removal. Section 106 of the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders, effective immediately and retroactively." "[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders." Jordan v. Attorney General of the United States, 424 F.3d 320, 326 (3d Cir. 2005). See also Schmitt v. Maurer, 451 F.3d 1092, 1094 (10th Cir. 2006): "The REAL ID Act clarified that petitions for review filed in the courts of appeals are the 'sole and exclusive means for judicial review' of most orders of removal. Id. § 106(a), 119 Stat. at 310 (codified at 8 U.S.C. § 1252(a)(5)). Thus, district courts no longer have jurisdiction over habeas petitions challenging orders of removal. Instead, courts of appeals can consider in the first instance constitutional claims and questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D)." "The REAL ID Act requires district courts to transfer any pending habeas cases to the appropriate court of appeals." Rosales v. BICE, 426 F.3d 733, 736 (5th Cir. 2005).

THEREFORE, IT IS ORDERED:

1. That the Clerk of Court shall send copies of this Order and copies of the Petition for Writ of Habeas Corpus to the Attorney General of the United States, the Assistant Secretary of the United States Bureau of Immigration and Customs Enforcement, and the Secretary of the United States Department of Homeland Security, all in care of the

United States Attorney for the District of Nebraska; and

     2.    That by November 30, 2006, the petitioner and the respondent(s) shall each show cause in writing why this court should not transfer the above-entitled case to the Eighth Circuit Court of Appeals pursuant to the REAL ID Act.

DATED this 24th day of October, 2006.

                        BY THE COURT:

                        s/ Joseph F. Bataillon
                        JOSEPH F. BATAILLON
                        Chief District Judge