IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FERNANDO MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:06cv3250 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 petition") filed by the petitioner, Fernando Martinez. The petitioner states that he is a Mexican national in the custody of the Nebraska Department of Correctional Services ("DCS") after conviction of felony driving offenses. The petitioner objects to a detainer which has been lodged against him by U.S. immigration officials[1] pursuant to a removal or deportation order issued after a deportation hearing in Chicago, Illinois during 2004. The petitioner states that he has tried to contest the order of removal, but he cannot get a response from the issuing immigration judge. According to the petitioner, the law has been clarified since 2004 to the effect that his driving offenses do not constitute the kind of aggravated offense(s) or crime(s) of moral turpitude which warrant removal or deportation. The ultimate relief sought by the petitioner

---

[1]As a result of the Homeland Security Act of 2002, Pub.L. No. 107-296, 116 Stat. 2135 (2002), the Immigration and Naturalization Service ("INS") has ceased to exist as an agency within the United States Department of Justice. Its enforcement functions now reside in the Bureau of Immigration and Customs Enforcement ("BICE") within the Department of Homeland Security. Jordan v. Attorney General of the United States, 424 F.3d 320, 324 n. 3 (3d Cir. 2005).

is to have the order of removal vacated.

The recently enacted "REAL ID Act" has changed the manner in which a challenge to an order of removal may be prosecuted. See Rosales v. BICE, 426 F.3d 733, 735-36 (5th Cir. 2005): "[T]he REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) ... amends the jurisdictional provisions of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial review of administrative orders of removal. Section 106 of the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders, effective immediately and retroactively." "[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders." Jordan v. Attorney General of the United States, 424 F.3d 320, 326 (3d Cir. 2005). See also Schmitt v. Maurer, 451 F.3d 1092, 1094 (10th Cir. 2006): "The REAL ID Act clarified that petitions for review filed in the courts of appeals are the 'sole and exclusive means for judicial review' of most orders of removal. Id. § 106(a), 119 Stat. at 310 (codified at 8 U.S.C. § 1252(a)(5)). Thus, district courts no longer have jurisdiction over habeas petitions challenging orders of removal. Instead, courts of appeals can consider in the first instance constitutional claims and questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D)." "The REAL ID Act requires district courts to transfer any pending habeas cases to the appropriate court of appeals." Rosales v. BICE, 426 F.3d 733, 736 (5th Cir. 2005).

THEREFORE, IT IS ORDERED:

1. That the Clerk of Court shall send copies of this Order and copies of the Petition for Writ of Habeas Corpus to the Attorney General of the United States, the Assistant Secretary of the United States Bureau of Immigration and Customs Enforcement,

and the Secretary of the United States Department of Homeland Security, all in care of the United States Attorney for the District of Nebraska, as well as the named respondent who is the petitioner's custodian;

  2. That the petitioner shall have twenty (20) days to file an amendment to his § 2241 petition naming "the Attorney General of the United States" as an additional respondent in this action; and

  3. That by thirty (30) days from the date of this order, the petitioner and the respondent(s) shall present their views in writing regarding whether the REAL ID Act requires this court to transfer the above-entitled case to the Eighth Circuit Court of Appeals or whether the appropriate course is to dismiss the case without prejudice to the petitioner's right to refile his petition in the Eighth Circuit.

  January 16, 2007.    BY THE COURT:

               s/ *Richard G. Kopf*
               United States District Judge