IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALFREDO I. ARROYO, | ) | |
| | ) | |
| Petitioner, | ) | 4:06cv3250 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on filing no. 7, the respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 petition") filed by the petitioner, Alfredo I. Arroyo. The petitioner states that he is a lawful resident alien, presently in the custody of the Nebraska Department of Correctional Services ("DCS") after conviction of sexual assault of a child. The petitioner is subject to a removal order imposed by the United States Bureau of Immigration and Customs Enforcement ("BICE"). He states that he has tried to contest the order of removal, but he does not speak English well, has no money, and has little access to the law library or a legal aide at his DCS institution. He asks the court to appoint counsel and to vacate the order of removal as obtained in violation of his right to due process.

The respondent correctly asserts that, pursuant to the recently enacted "REAL ID Act," a challenge to an order of removal may not be prosecuted in a federal district court. See, e.g., Rosales v. BICE, 426 F.3d 733, 735-36 (5th Cir. 2005): "[T]he REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) ... amends the jurisdictional provisions of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial

1

review of administrative orders of removal. Section 106 of the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders, effective immediately and retroactively." "[T]he [REAL ID] Act expressly eliminated district courts' habeas jurisdiction over removal orders." Jordan v. Attorney General of the United States, 424 F.3d 320, 326 (3d Cir. 2005). See also Schmitt v. Maurer, 451 F.3d 1092, 1094 (10th Cir. 2006): "The REAL ID Act clarified that petitions for review filed in the courts of appeals are the 'sole and exclusive means for judicial review' of most orders of removal." Id. § 106(a), 119 Stat. at 310 (codified at 8 U.S.C. § 1252(a)(5)). Thus, district courts no longer have jurisdiction over habeas petitions challenging orders of removal. "The REAL ID Act requires district courts to transfer any pending habeas cases to the appropriate court of appeals." Rosales v. BICE, 426 F.3d 733, 736 (5th Cir. 2005).

The respondent argues that the § 2241 petition should be dismissed rather than transferred to the Court of Appeals for the Eighth Circuit. However, in the absence of any authority that the Eighth Circuit Court has ceased to accept transfers of cases under the REAL ID Act, this court will transfer the case to the Eighth Circuit rather than dismiss the case. Therefore, filing no. 7 is granted in part and denied in part accordingly.

THEREFORE, IT IS ORDERED:

1.  That filing no. 7, the respondent's Motion to Dismiss the petitioner's § 2241 petition for lack of jurisdiction in this court, is granted in part and denied in part as set forth below;

2.  That dismissal of the § 2241 petition is denied; instead, the Clerk of Court shall transfer this action to the United States Court of Appeals for the Eighth Circuit;

3. That this case shall be closed for statistical purposes by the Clerk of Court for the District of Nebraska;

4. That the Clerk of Court for the District of Nebraska shall deliver the record of this case in a form, whether electronic or otherwise, which is acceptable to the transferee court; and

5. That the Clerk of Court for the District of Nebraska shall send a copy of this Memorandum and Order to counsel and the petitioner.

DATED this 9th day of February, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge